**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**March 15, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

TIMOTHY BRIAN BUSSELL,

    Petitioner - Appellant

v.

STEVEN HARPE, Director,
Oklahoma Department of
Corrections,

    Respondent - Appellee,

No. 23-5104
(D.C. No. 4:20-CV-0417-TCK-JFJ)
(N.D. Okla.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY
AND DISMISSING THE APPEAL**
_____

Before **MATHESON**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

This appeal involves a habeas proceeding growing out of a rape conviction. A man had sex with a woman who was unconscious, and a second man watched. Our appeal involves a third man, Mr. Timothy Brian Bussell, who videotaped the sexual encounter.

The State of Oklahoma prosecuted Mr. Bussell for first-degree rape, alleging that he had aided and abetted the first man as he had sex with the unconscious woman. Okla. Stat. tit. 21, § 1114(A)(4). The jury found Mr. Bussell guilty, and he unsuccessfully appealed in state court and pursued habeas relief in district court. He wants to appeal the denial of

habeas relief. To do so, however, he needs a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). We decline to issue this certificate.

**1.    We can grant the certificate only if the district court's denial of relief is reasonably debatable.**

We can grant a certificate only if reasonable jurists "would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To determine whether the district court's assessment is reasonably debatable, we must consider the standard that applied there.

The district court could consider granting relief only if Mr. Bussell had satisfied his threshold burden under the Antiterrorism and Effective Death Penalty Act. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To apply this statute, we consider whether the state appellate court decided the underlying constitutional claims on the merits.

Here the state appeals court did so. So the federal district court could consider granting habeas relief only if the state appellate court had contradicted or unreasonably applied a Supreme Court precedent or unreasonably determined the facts. 28 U.S.C. § 2254(d)(1)–(2).

**2.    The district court's constitutional rulings aren't reasonably debatable.**

Mr. Bussell seeks a certificate of appealability so that he can appeal the district court's rejection of three habeas claims: (1) insufficiency of evidence on guilt, (2) denial of due process from the refusal to sever

2

Mr. Bussell's trial, and (3) denial of due process from prosecutorial misconduct during closing argument. The state appeals court rejected each claim on the merits. Given these rulings, Mr. Bussell argues that the state appeals court unreasonably applied Supreme Court precedent. We not only reject these arguments but conclude that no reasonable jurist could find them debatable.

**a.    The state appeals court didn't act unreasonably when it found enough evidence to convict.**

Mr. Bussell doesn't deny that he videotaped another man having sex with an unconscious woman. But Mr. Bussell argues that he didn't participate in the sexual act itself. The State counters that Mr. Bussell aided and abetted the other man as he committed rape. The resulting question is whether the jury had enough evidence to find that Mr. Bussell had aided and abetted the commission of rape.

The underlying standard required the district court to view the evidence favorably to the prosecution and ask whether any rational jury could have found guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This inquiry requires us to consider the elements of first-degree rape under state law. *Coleman v. Johnson*, 566 U.S. 650, 655 (2012).

Under state law, the prosecution needed to prove that Mr. Bussell had

- aided, promoted, or encouraged another individual to commit first-degree rape and

- acted with criminal intent or knowledge of the other individual's intent to commit the rape.

Okla. Unif. Jury Instr. CR 2-6. We apply these elements based on the prosecution's evidence, which included video showing that the videographer had

- helped prop up the unconscious woman during the rape and

- appeared to laugh and tell the rapist to "perk it up."

In addition, the prosecution presented a photograph of Mr. Bussell smiling, along with the other two men, next to the unconscious woman. Beyond the video and photograph, the woman testified that Mr. Bussell had videotaped the rape and encouraged the rapist. This combination of evidence allowed the state appeals court to reasonably conclude that the jury had enough evidence to find Mr. Bussell guilty of first-degree rape.

Mr. Bussell insists that he was just a bystander, but he doesn't say why it would have been unreasonable for the jury to credit the prosecution's evidence that he had aided the rapist by propping up the woman, laughing during the rape, and encouraging the rapist to "perk it up." We thus conclude that no reasonable jurist could find satisfaction of Mr. Bussell's burden to show an unreasonable application of Supreme Court precedent. Given this conclusion, we deny a certificate of appealability on Mr. Bussell's claim involving insufficient evidence of guilt.

**b.    The state appeals court didn't act unreasonably in upholding the denial of a severance.**

Mr. Bussell asked the state court to sever his trial from the trial of the first man (who had actually committed the rape). The trial court refused, and the state appeals court upheld that ruling. Mr. Bussell argues that the refusal to sever his trial resulted in a denial of due process because his defense had differed from the first man's, the evidence of guilt was overwhelming for the rapist, and joinder created a racial issue. So Mr. Bussell must show that the state appellate court unreasonably applied Supreme Court precedent in rejecting these arguments.

Even when codefendants have conflicting defenses, severance may not be constitutionally required. Instead, the court considers whether joinder would "compromise a specific trial right" or prevent a "reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

The federal district court concluded that the state appeals court had reasonably applied Supreme Court precedent because

- Mr. Bussell's defense was aligned with the rapist's,

- Mr. Bussell and the first man shared the same legal position because aiding and abetting the crime could show guilt of the underlying offense,

- Mr. Bussell had only speculation to support his complaint about the injection of race into his prosecution, and

5

- the trial judge had instructed the jury to separately consider the evidence of guilt for each defendant.

In our view, this reasoning is not reasonably debatable.

The state appeals court could reasonably consider Mr. Bussell's theory of innocence as consistent with the first man's. The first man argued that the sex had been consensual; if it had been consensual, Mr. Bussell wouldn't have incurred guilt.

And the state appeals court could reasonably question Mr. Bussell's complaint about the injection of race into his prosecution. The victim testified that she wouldn't have consented to sex with the first man because he was Black. Mr. Bussell complains that race thus became an issue in his prosecution. But the state appeals court could have reasoned that race would remain an issue even with severance: The prosecution's theory of guilt was that Mr. Bussell had aided and abetted the first man's commission of rape; if the victim would have refused to have sex with the first man because he was Black, her refusal would have remained relevant against Mr. Bussell even if the trials had been severed. We thus conclude that the state appeals court reasonably applied Supreme Court precedent in rejecting Mr. Bussell's claim involving the refusal to sever his trial. Given the reasonableness of that conclusion, we deny a certificate on the claim involving a refusal to sever the trials.

**c.** **The state appellate court acted reasonably in rejecting the claim involving prosecutorial misconduct.**

Finally, Mr. Bussell claims misconduct in the prosecutor's closing argument based on his references to Mr. Bussell and his codefendants as sexual predators, their appearance in a photograph as "big game hunters that [had] bagged a trophy," and the similarity to a movie (*The Accused*).

These references would create a denial of due process only if they sufficiently tainted the fairness of the trial. *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). Mr. Bussell argues that the references satisfied that standard because he was just a bystander who had failed to step in to prevent the rape. Of course, the prosecution countered that characterization with evidence that Mr. Bussell had laughed and helped the first man commit the rape. But irrespective of Mr. Bussell's ultimate culpability, the constitutional claim would turn on the impact of the prosecutor's statements on the fairness of the trial itself. *See id.* And any jurist would have to conclude that the state appeals court had acted reasonably in finding no constitutional taint from the prosecutor's characterization of Mr. Bussell and his codefendants. We thus deny a certificate of appealability on this claim.

\* \* \*

7

The district court determined that the state appeals court had acted reasonably in applying Supreme Court precedent. In our view, the district court's determination is not reasonably debatable. We thus

- decline to issue a certificate of appealability and

- dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge